961 F.2d 220
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Richard R. PARSON, Petitioner-Appellant,
v.
G.L. HENMAN, Warden; United States Bureau of Prisons;
Attorney General of the United States,
Respondents-Appellees.
 No. 91-3314.
 United States Court of Appeals, Tenth Circuit.
 April 16, 1992.
 
 Before JOHN P. MOORE, TACHA and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 BRORBY, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Mr. Parson, a federal inmate proceeding pro se, appeals a decision denying him habeas and injunctive relief. We affirm.
 
 
 3
 Mr. Parson filed a one-inch thick pro se habeas petition which borders on being incomprehensible. Applying the most liberal and charitable reading of this document, it appears to allege that federal prison officials failed to credit him with a nineteen-month period while he was out on parole, or perhaps that they failed to credit him with the nineteen months he was serving as a federal prisoner housed in a state penitentiary. Mr. Parson's second claim for relief is that the federal prison officials segregated him from the general prison population in order to deprive him of "the right to earn good time" or "function without harm." Several additional observations concerning this petition must be made. Mr. Parson names three defendants: the United States Attorney General, the Bureau of Prisons, and an individual, Warden G. Henman, who is never further described. The petition specifically alleges that Mr. Parsons has a habeas corpus appeal pending in the Ninth Circuit "concerning loss of parole liberty claims only." Finally, Mr. Parson does not challenge the judgment of conviction or the sentence but rather "the execution" of the sentence.
 
 
 4
 Having filed his petition, Mr. Parson barraged the court with additional filings in this case. The record on appeal is nearly twelve inches thick and it fails to reflect all of the filings. To give the reader a flavor of the contents of this file, Mr. Parson filed numerous motions objecting to everything and accusing everyone of bad faith.
 
 
 5
 The district court, after ordering a response from the United States Government, dismissed the petition concluding the numerous documents attached to Mr. Parson's pleadings demonstrated he was not entitled to either injunctive or habeas relief. The district court failed to favor us by identifying the documents relied upon and thus left this court with the task of wading through this massive record on appeal. Mr. Parson attached hundreds of documents to his pleadings, many of which were letters from the Bureau of Prisons explaining in careful detail why Mr. Parson's claims were erroneous.
 
 
 6
 Mr. Parson's pro se appeal continues the practice of providing the court with attachments. His opening brief contains exhibits A through H-3. In his appeal, Mr. Parson asks for "credit of time already served" and injunctive relief for "ongoing deliberate indifferences and intentional reckless disregards to appellants [sic] long known pervasive risks of harm elements."
 
 
 7
 We look first to Mr. Parson's apparent claim of serving time in a state prison which was not credited toward the serving of his federal sentence. The judgment and sentence attached by Mr. Parson clearly reflect he was in state custody, serving time for a state felony committed while he was on federal parole. This state conviction served as the basis for Mr. Parson's federal parole violation and for the United States Parole Commission's determination that Mr. Parson would receive no credit toward his federal sentence for the time already spent on parole. Notably, Mr. Parson was later credited for some time spent time "on the street." Mr. Parson has cited no authority showing any decision by the United States Parole Board to be unlawful. Even one of Mr. Parson's own attachments refutes his claim.
 
 
 8
 Second, the attachments supplied by Mr. Parson establish that it was necessary for the prison official to transfer him from one prison to another in order to protect Mr. Parson's life. The attachments reflect these transfers were not arbitrary. Moreover, Mr. Parson makes no showing he was deprived "good time" as a result of the transfers.
 
 
 9
 Rather than belabor these points, we note neither the United States Attorney General nor the United States Bureau of Prisons is a proper party and this appeal should be dismissed as to these parties. The third party, an individual, was not identified by Mr. Parson as to his capacity. Additionally, Mr. Parson made no allegations implicating the actions of this individual. There were no allegations this individual either did or did not do anything. Assuming Mr. Henman to be a proper party amounts to supplying allegations for Mr. Parson of which this court has no way of knowing the truth. This appeal should therefore be dismissed as to Mr. Henman. Consequently, no proper parties remain.
 
 
 10
 For all of these reasons, the judgment of the district court is AFFIRMED.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3